264 P.2d 281

**STATE et al.**

**v.**

**COOPERATIVE SECURITY CORP. OF CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS et al.**

No. 8016.

Supreme Court of Utah.

Dec. 2, 1953.

Arthur Woolley, Ogden, for appellants.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Asst. Atty. Gen., for respondents.

## PER CURIAM.

This case, arising out of condemnation proceedings was here before.[1] We held that the facts did not warrant severance damages, except for 2 small parcels, because there was other contiguous available comparable land which equally could have been put to the same use as that taken. The trial court, who had awarded severance damages generally, was reversed and instructed to re-assess the damages based on replacement value of the land taken, except as to the 2 small parcels, which we ordered the court to reassess on the basis of severance damages.

A hearing was had in which only the court and counsel participated, no further evidence being adduced. At the conclusion of the hearing the trial court directed the plaintiff to prepare the judgment, continuing the matter to a date certain, stating that if he did not sign the judgment prepared by plaintiff he would set the matter down for trial. He took the matter under advisement and some time after receiving the judgment prepared by plaintiff, signed it, from which judgment defendant now appeals.

The judgment awarded $400 per acre for the land taken, as its replacement value, and $200 an acre severance damages for the 2 small parcels not taken. Although defendant urges that the trial court failed to carry out properly the mandate of this court, it would appear that he carried it out quite to the letter, unless he erred in the amount per acre he set as the replacement value.

It is presumed that the trial court followed our instructions, and the burden of showing that he did not is on the one asserting such error. Defendant contends that the trial court arbitrarily took a figure suggested by plaintiff and failed to determine how many of the 15.3 available comparable acres, at $400 per acre, would have been necessary to replace the 7.89 acres taken. If the trial court concluded that within the 15.3 acres available, there were at least 7.89 acres of comparable land, it would appear that the trial court was correct in awarding $400 per acre damages for 7.89 acres, since the record reveals that the plaintiff had offered to buy and give to defendants the whole 15.3 acres in exchange for the land taken and the evidence also reasonably supports a finding that the

1. Utah, 247 P.2d 269.

available comparable land was worth $400 per acre. If the trial court did not base its judgment on the value of available comparable land,—the replacement value of the land taken, then it should have determined how many of the 15.3 acres of the available land would have been required to do the job that the 7.89 acres taken had been doing. The number of acres that the trial court could have found to be required to replace those taken could not exceed 15.3, since we concluded in our former opinion that there was sufficient comparable acreage available which prevented the awarding of severance damages, and the 15.3 acres were the only ones shown to be so available.

 In our former opinion we reaffirmed the principles we enunciated in Provo Water Users' Association v. Carlson, 103 Utah 93, 133 P.2d 777, to the effect that where there is other comparable land available to the condemnee that would accomplish the same use to which the land taken had been put—severance damages are not available to one refusing to accept such land; and that in assessing damages in such a case, the value of the land so refused would be the value of the land taken,—to which principles there may be an exception in an unusual case—unlike this case or the facts of the Carlson case.

In view of the earnestness with which counsel for defendant urges that the trial court failed properly to re-assess the damages in this case, and to eliminate any doubt on that score, we think it a simple matter and only fair to remand this case to the trial court for affirmance of its present judgment or for modification in consonance with the observations and limitations herein expressed, particularly in view of the fact that we must remand the case for modification of the judgment entered if for no other purpose than to correct the obvious error of that portion which reads "damage to land not taken by reason of severance (4.49 acres at 50% of $400 per acre), $734.63." It is so ordered, with no award of costs.

WOLFE, C. J., not participating.